# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NULIFE VENTURES, INC., *a Nevada Corporation*,<br><br>   Plaintiff,<br><br>   v.<br><br>AVACEN, INC., *a Wyoming Corporation formerly known as Avacen Medical, Inc. d/b/a Avacen Medical*, et al.,<br><br>   Defendants. | Case No. 20-cv-2019-BAS-KSC<br><br>**ORDER DENYING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 4)** |

Pending before the Court is the *Ex Parte* Application for Temporary Restraining Order filed by Plaintiff Nulife Ventures, Inc., against Defendants AVACEN, Inc., and its executives. (ECF No. 4.) The Court finds the motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court denies the application.

## I.     BACKGROUND

NuLife is a multi-level marketing (MLM) company, which relies on "a network of business owners," entitled Independent Brand Partners (IBPs), through which NuLife markets its products. (*See* Mot. TRO, Ex. 12 ("Adams Decl.") ¶ 2, ECF No. 4-12; Ex. 3 (NuLife Ventures Policies and Procedures) § 1.1, ECF No. 4-3.) "NuLife's compensation

plan incentivizes its IBPs to recruit and sponsor others in becoming part of the NuLife sales network." (Adams Decl. ¶ 2.) NuLife alleges that AVACEN became its IBP on March 5, 2019. (*Id.* ¶ 5.) NuLife alleges that under the Independent Brand Partner Application & Agreement ("IBP Agreement"), AVACEN was contractually bound not to solicit other IBPs to compete with NuLife's business; recruit NuLife customers or IBPs for other MLM businesses; use NuLife's proprietary information to compete with NuLife; or maintain a website related to NuLife's business without first obtaining NuLife's written approval. (*Id.* ¶¶ 3–4; *see* Mot. TRO Ex. 2 (IBP Agreement), ECF No. 4-2.)

NuLife alleges that, in September 2020, AVACEN breached the IBP agreement by launching its own MLM business and recruiting NuLife's sales force to sell the same medical devices sold by NuLife. (Adams Decl. ¶¶ 4–9, 11–15.) According to NuLife, AVACEN invited NuLife's IBPs to attend Zoom meetings, in which AVACEN's executives discussed AVACEN's launch of a new MLM business selling the same medical devices offered by NuLife. (Mot. TRO Ex. 11 ("Doran Decl.") ¶¶ 2–8.) NuLife alleges that they have confirmed that more than 60 NuLife IBPs are now registered as AVACEN's sales force. (Adams Decl. ¶ 14.) NuLife alleges that AVACEN continues to conduct the weekly meetings designed to recruit NuLife IBPs. (*Id.* ¶ 9.) NuLife also alleges that AVACEN maintains a sales website, https://shop.avacen.com/, which markets and accepts customer orders for some of the same products sold by NuLife that constitute NuLife's primary source of revenue. (Adams Decl. ¶ 15.)

NuLife filed this suit on October 14, 2020, raising causes of action for breach of contract, intentional interference with contractual relations, intentional interference with prospective economic relations, and misappropriation of trade secrets. (Compl. ¶¶ 23–80, ECF No. 1.) Claiming irreparable economic injury, NuLife filed the present application for an *ex parte* temporary restraining order to enjoin AVACEN from (1) operating a competing MLM company; (2) recruiting NuLife's IBPs; (3) using NuLife's customer lists, IBP names, and IBP contact information; and (4) operating a website to sell the same medical devices sold by NuLife. (Mot. TRO, ECF No. 4.)

## II.     ANALYSIS

Under Rule 65 of the Federal Rules of Civil Procedure, the court may issue a temporary restraining order without notice to the nonmoving party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "[T]he stringent requirements embodied in Rule 65(b) recognize that 'our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Adobe Sys., Inc. v. S. Sun Prod., Inc.*, 187 F.R.D. 636, 638–39 (S.D. Cal. 1999) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 (1974)). "A temporary injunction can be an extremely powerful weapon, and when such an order is issued *ex parte*, the dangers of abuse are great." *Id.* at 639 (citing *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 324 (7th Cir. 1984)).

The foundation of injunctive relief under Rule 65 "is irreparable harm and inadequacy of legal remedies." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). Ordinarily, "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

NuLife's motion for a temporary restraining order is denied. An *ex parte* temporary restraining order is usually limited to situations where "it is impossible to give notice to the adverse party because the plaintiff does not know the party's identity or location" or where "proceeding *ex parte* is the 'sole method of preserving a state of affairs in which the court can provide effective final relief.'" *Adobe Sys.*, 187 F.R.D. at 639 (citing *Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979)). NuLife does not argue that its application falls under those two limited situations. The motion does not say it is impossible to give

notice to Defendants.  NuLife has not persuaded the Court that *ex parte* injunctive relief is the only effective final relief available to preserve the status quo in this case.

Moreover, NuLife has not met the requirements set forth in Rule 65(b)(1).  NuLife's counsel has not certified in writing "any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B).  NuLife has not shown that it would sustain an irreparable injury without the temporary restraining order.  *See* Fed. R. Civ. P. 65(b)(1)(A).  To the extent that NuLife argues that it will permanently lose its sales force and revenue stream because of Defendants' competition in violation of a contract, NuLife does not support its argument with requisite proof.  While "[t]he threat of being driven out of business" may establish irreparable injury, declarations by the plaintiff-entity's own management, standing alone, are usually not enough to show that the plaintiff's ongoing business concern would be threatened without injunctive relief.  *See Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1474 (9th Cir. 1985) (holding that the CEO of the plaintiff company's statement of actual revenue losses in the foregoing year and the predicted revenue losses in the following year, standing alone, was not enough to show that the plaintiff was threatened with extinction); *see also Dimare Fresh, Inc. v. Sun Pac. Mktg. Coop., Inc.*, No. CIVF 06 1265 AWI SMS, 2006 WL 2686969, at *3 (E.D. Cal. Sept. 19, 2006) (finding that the plaintiff did not show irreparable injury based on the theory that the loss of revenue from the defendant's conduct would be so great to threaten the existence of the plaintiff's ongoing business concern, where the plaintiff's sole evidence was the declaration of its own employee).

Here, NuLife relies on the declarations of NuLife's executives, who allege that AVACEN continues to host weekly online meetings to recruit NuLife's IBPs; AVACEN is "causing substantial harm to NuLife each day that it operates this competing company"; and  NuLife's "ongoing loss of revenue and IBPs has been devastating to [NuLife] and threatens the viability of NuLife if not promptly stopped."  (Doran Decl. ¶¶ 5–9; Adams Decl. ¶ 16.)  These allegations are not enough to show that the complained-of injury is

irreparable or that it cannot be addressed by monetary damages. *See Am. Passage Media Corp.*, 750 F.2d at 1474; *Dimare Fresh, Inc.*, 2006 WL 2686969, at *3.

Because Plaintiff's application for an *ex parte* temporary restraining order does not satisfy the requirements of Rule 65(b), the Court denies the application.

## III.   CONCLUSION

The Court denies Plaintiff's *Ex Parte* Application for Temporary Restraining Order. (ECF No. 4.)  If Plaintiff wishes to seek injunctive relief, it may bring a noticed motion for a preliminary injunction under Rule 65(a), filed and served in accordance with Civil Local Rule 7.1.

**IT IS SO ORDERED.**

**DATED: October 19, 2020**

Hon. Cynthia Bashant
United States District Judge